IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


JASON DEBAUGH,                            08-CV-1285-HU

        Plaintiff,                        ORDER

v.

GREYHOUND LINES, INC., a
Delaware Corporation,

        Defendant.


BROWN, Judge.

        Magistrate Judge Dennis James Hubel issued Findings and

Recommendation (#70) on November 30, 2009, in which he

recommended the Court grant Defendant Greyhound Lines, Inc.'s

Motion (#43) for Partial Summary Judgment as to Plaintiff's claim

for negligent entrustment.  Plaintiff Jason Debaugh filed timely

1 - ORDER

Objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).


## BACKGROUND

On July 28, 2009, Plaintiff filed his Second Amended Complaint seeking in excess of one million dollars in damages for injuries he suffered when he collided with a bus operated by Defendant Greyhound Lines, Inc., and driven by Dan O'Connor, Defendant's employee at the time of the collision.  Plaintiff asserts claims against Defendant for negligence, negligence *per se*, and negligent entrustment.

On August 28, 2009, Defendant filed its Motion for Partial Summary Judgment as to Plaintiff's claim for negligent entrustment.  On September 15, 2009, Plaintiff filed his Response, and Defendant filed its Reply on October 7, 2009.

On November 30, 2009, Magistrate Judge Hubel issued Findings and Recommendation in which he recommends the Court grant

2 - ORDER

Defendant's Motion for Partial Summary Judgment.  Plaintiff filed timely objections on December 15, 2009, and Defendant filed its Response on December 21, 2009.

## STANDARDS

As stated in the Findings and Recommendation, the standards for a negligent-entrustment claim under Oregon law are as follows:

> To establish a negligent entrustment claim, plaintiff must prove that "'there was an entrustment and that the entrustment was negligent.'" *Piskorski v. Ron Tonkin Toyota, Inc.*, 179 Or. App. 713, 718-19, 41 P.3d 1088, 1091 (2002)(quoting *Mathews v. Federated Serv. Ins. Co.*, 122 Or. App 124, 133, 857 P.2d 852, 857 (1993)). . . .  As *Mathews* explains, when the plaintiff does not allege that there was a special relationship with the defendant, the plaintiff must show that (1) the entrustment was unreasonable under the circumstances, (2) it caused harm to the plaintiff, and (3) the risk of harm to the plaintiff (or the class of persons to whom he belongs) was reasonably foreseeable. *Mathews*, 122 Or. App. at 133-34, 857 P.2d at 857.  Additionally, "an allegation that a defendant knew about a dangerous condition must be accompanied by claimed facts showing defendant's knowledge of unreasonable risk of danger." *Mathews*,122 Or. App. at 135, 857 P.2d at 858 (internal quotation omitted).

## DISCUSSION

Plaintiff objects to the following parts of the Findings and Recommendation:  (1) the Magistrate Judge's acceptance of the Declaration of Dan O'Connor as credible and as evidence that

3 - ORDER

O'Connor was not fatigued when the accident occurred; (2) the Magistrate Judge's finding that O'Connor's reference to fatigue as a reason for not taking an additional shift two-and-a-half months prior to the accident "was too remote in time to prevent summary judgment"; (3) the Magistrate Judge's reliance on the decision by the Eastern District of Pennsylvania in *Achey v. Crete Carrier Corp.*, No. 07-CV-3592, 2009 WL 101843 (E.D. Pa. Jan. 14, 2009); and (4) the Magistrate Judge's "setting aside" of the Declaration of Tom Welch, Plaintiff's driver-safety expert. Thus, Plaintiff contends a genuine issue of material fact exists as to his negligent-entrustment claim with respect to whether Defendant was aware of a reasonably foreseeable risk of harm that made its entrustment of a bus to Plaintiff unreasonable.

## I.   O'Connor's Declaration.

Plaintiff contends the Magistrate Judge erred when he found credible O'Connor's statement in his Declaration that fatigue did not affect his driving at the time of the accident and when he found O'Connor's Declaration supports a "no-fatigue characteri-zation." Plaintiff, in fact, contends a genuine issue of material fact exists with respect to whether Defendant was aware O'Connor suffered from fatigue problems at the time of the accident, and, therefore, the Court should deny Defendant's Motion for Partial Summary Judgment as to Plaintiff's negligent-entrustment claim.

4 - ORDER

In paragraph 7 of his Declaration, O'Connor denies any sleep disorder or abnormal issues with fatigue:

> In addition to successfully passing drug and alcohol testing, I also successfully passed each medical examination undertaken by a physician while I was employed by Greyhound. At no time have I been diagnosed by a physician as having had sleep disorders like sleep narcolepsy, sleep apnea, or insomnia. I do not believe that I have abnormal issues with fatigue and I have never had a medical diagnosis that led a physician to conclude that I have problematic issues with fatigue.

Moreover, Plaintiff did not dispute paragraphs four and five of Defendant's Concise Statement of Material Facts:

> Mr. O'Connor successfully passed a drug and alcohol urinalysis and a medical examination which were required as part of the conditional job offer that he received. The physician who conducted the medical exam did not identify any medical issues affecting Mr. O'Connor such as sleep apnea, sleep narcolepsy, or insomnia, nor any other issues related to chronic fatigue that could have affected his driving ability.

> * * *

> Mr. O'Connor received additional medical exams as part of Greyhound's compliance with federal regulations, and at no time did any physician ever identify any type of sleep disorders that would have affected his driving, nor was any issue related to chronic fatigue identified. Indeed, Mr. O'Connor has never been diagnosed with sleep disorders, nor has he ever been diagnosed with chronic fatigue.

Nevertheless, Plaintiff points to the statement that O'Connor made to his supervisor two-and-a-half months prior to the accident when he did not accept an extra shift after

5 - ORDER

Defendant requested him to do so:  "[A]t times I am to[o] fatigue[d] or have other issues to be taken care of."  Although this statement was addressed in detail in the Findings and Recommendation, Plaintiff maintains it establishes that Defendant was aware there was an unreasonable risk in allowing O'Connor to drive its bus.

Defendant, in turn, asserts the Magistrate Judge did not make a credibility determination as to O'Connor's Declaration. According to Defendant, the Magistrate Judge weighed the evidence in light of all reasonable interpretations of O'Connor's statements.

The Magistrate Judge pointed out numerous facts in the record that support Defendant's contention that no rational juror could find it was aware of an unreasonable risk of harm in allowing O'Connor to drive its bus, including:  (1) O'Connor's extensive experience driving passenger vehicles; (2) O'Connor's clean driving record; (3) O'Connor's multiple successful drug-and-alcohol screenings before and immediately after the accident; (4) the fact that O'Connor passed periodic medical screenings in which none of the examining physicians diagnosed him with any medical condition that causes fatigue or that would have affected his driving ability; (5) the fact that O'Connor received 180 hours of training from Defendant, including training in the "Smith System" of defensive driving, and (6) the fact that there

6 - ORDER

is nothing in the record to confirm the accident occurred at
night or near the end of a shift when O'Connor may have been most
likely to be affected by fatigue.  Considering these facts in
context with O'Connor's single statement to his supervisor more
than two months prior to the accident, the Magistrate Judge found
no reasonable juror could conclude that Defendant was aware of an
unreasonable risk of harm in allowing O'Connor to operate its
bus.

　　　Nevertheless, Plaintiff contends the Court should review a
video excerpt of the deposition of O'Connor.  Plaintiff asserts
O'Connor in his deposition contradicts that part of his statement
to his supervisor that at times he has "other issues to be taken
care of" as a reason for not accepting extra shifts.  Plaintiff
provides a link to a website with the video excerpt, but he does
not provide any authentication of the deposition by way of an
affidavit or other certification and does not cite any authority
that the Court may view the excerpt without such authentication.
In any event, O'Connor only states in the excerpted video that he
did not have any "other issues to take care of" in April 2007.
That statement does not contradict O'Connor's earlier explanation
to his supervisor.  Thus, even if the Court may properly consider
the video deposition excerpt, it does not discredit O'Connor's
Declaration.

　　　Finally, without identifying the portion of the Findings and

7 - ORDER

Recommendation to which he is objecting, Plaintiff also contends

Tom Salazar, Operations Manager for Defendant's Portland

Terminal, made the following incorrect statement in paragraph 11

of his Declaration:  "[T]here was nothing in the interview notes

that indicated that Mr. O'Connor had any *problem* with fatigue or

sleep issues" (emphasis added).  This statement, however, is not

inconsistent with O'Connor's statement that at times he is too

fatigued to take extra shifts.  Moreover, Salazar stated he

believed O'Connor's single reference to fatigue was not a

sufficient ground for him to doubt the quality of O'Connor's

driving.  In other words, Salazar did not believe there was an

unreasonable risk associated with entrusting O'Connor to drive

Defendant's bus based on a problem O'Connor had with fatigue.  In

fact, as the Magistrate Judge noted:

> The only fact is a single incident, two and
> one-half months before the accident at issue
> in this case, in which O'Connor recited
> fatigue as one reason why he did not respond
> to a call for extra shifts.  This creates no
> issue regarding O'Connor ever having driven
> while fatigued.  In fact, it most reasonably
> suggests just the opposite:  he did not want
> to drive an extra shift because he was
> concerned about fatigue.  No reasonable juror
> could conclude, based only on the April 11,
> 2007 reference to fatigue as one cause for a
> "Miss Out," that defendant had a duty to
> investigate further whether O'Connor drove
> regular shifts while fatigued.

Findings and Recommendation at 11 (emphasis in original.)

Thus, the Court concludes the Magistrate Judge correctly

8 - ORDER

concluded O'Connor's Declaration did not create an issue of material fact in light of the record as a whole.

## II.  Remoteness of Plaintiff's Evidence of O'Connor's Fatigue.

Plaintiff also contends the Magistrate Judge erred when he concluded O'Connor's statement to his supervisor about fatigue was too remote to defeat summary judgment.

Plaintiff cites a single Oregon case, *Piskorski v. Ron Tonkin Toyota, Inc.*, to support his argument that the Magistrate Judge erred when he found O'Connor's statement about fatigue too remote to defeat summary judgment. *See* 179 Or. App. 713 (2002). In *Piskorski*, the Oregon Court of Appeals denied the plaintiff's appeal of summary judgment against plaintiff's negligent-entrustment claim. *Id.* at 715-22. According to Plaintiff, the court held the defendant's entrustment of a driver who had entered a diversion program for driving under the influence of intoxicants three years prior to the entrustment was not negligent. By comparison, Plaintiff contends O'Connor's statement is relevant because it was made less than three months prior to the entrustment. In *Piskorski*, however, the court did not address the sufficiency of the plaintiff's evidence because the plaintiff did not assert at the summary-judgment stage that his evidence was sufficient to create a genuine issue of material fact. *Id.* at 717. In any event, the Oregon Court of Appeals did not state any general rule that applies to a negligent-

9 - ORDER

entrustment claim with respect to the remoteness of a defendant's alleged knowledge of a risk of harm arising from an entrustment. Thus, *Piskorski* does not provide a legal basis for altering the Magistrate Judge's Findings and Recommendation.

The Court notes the Magistrate Judge did not, as Plaintiff contends, conclude the remoteness of O'Connor's statement by itself was insufficient to overcome summary judgment. The Magistrate Judge only considered the remoteness of O'Connor's statement from the time of the accident to be one of a number of considerations in reaching his recommendation. As noted, the Court finds the Magistrate Judge's reasoning is sound in light of the entire record.

**III. Reliance on *Achey*.**

Plaintiff also asserts the Magistrate Judge erred by relying on *Achey,* a decision by the Eastern District of Pennsylvania, because Oregon law governs Plaintiff's negligence claims, and, in any event, the *Achey* court focused on the availability of punitive damages under Pennsylvania law.

Defendant contends the Magistrate Judge considered *Achey* only in the context of the Court's consideration of the testimony of Plaintiff's expert and that the Magistrate Judge properly applied Oregon law with respect to Plaintiff's negligent-entrustment claim on pages eight and nine of the Findings and Recommendation.

10 - ORDER

The Magistrate Judge noted he only found the *Achey* court's reasoning "relevant" to his consideration of the expert testimony of Plaintiff's expert.  Plaintiff does not cite any authority to support his contention that the Magistrate Judge's consideration of *Achey* as relevant authority for this limited purpose is in error, and, in fact, Plaintiff does not provide any legal basis under Oregon law to find that *Achey* is in conflict with Oregon negligent-entrustment law.

**IV.  Declaration of Tom Welch, Plaintiff's Expert.**

Plaintiff also objects to the Findings and Recommendation on the ground that the Magistrate Judge "set[] aside" the Declaration of Tom Welch, Plaintiff's driver-safety expert, in which he stated Defendant negligently entrusted its bus to O'Connor.  Defendant, in turn, contends the Magistrate Judge appropriately considered Welch's Declaration and found it to be speculative with respect to the material fact at issue:  Whether Defendant had knowledge of an unreasonable risk of harm in entrusting O'Connor to drive its bus.

The Court notes the Magistrate Judge did not discredit Welch's expertise, but instead he found Welch's statement about the existence of a "pattern" of fatigue was "nothing more than speculation."  The Magistrate Judge found Welch's statement that there were a number of alleged complaints about O'Connor's driving were not substantiated by the summary-judgment record nor

11 - ORDER

did the record establish a "fatigue problem" existed that should
have alerted Defendant that O'Connor was unreasonably dangerous
as a driver.

Plaintiff also contends Welch's Declaration establishes that
Defendant has a higher standard of care as an operator of public
transportation, and, therefore, Defendant has a duty to prevent
fatigued drivers from operating its busses.  Again, however, the
Magistrate Judge did not find any evidence in the record to
support Plaintiff's contention that O'Connor was actually
fatigued at the time of the accident or that Defendant knew
O'Connor was fatigued.  Moreover, the Magistrate Judge concluded
the reasonable-person standard rather than a higher industry
standard applies to determine whether Defendant's conduct was
reasonable under the circumstances because Plaintiff did not show
a special relationship exists between Defendant and Plaintiff as
required under *Mathews v. Federated Service Insurance Co.*, 122
Or. App. 124, 133-34 (1993).

Thus, the Court concludes the Magistrate Judge properly
considered Welch's Declaration in light of this record.

In summary, this Court has carefully considered Plaintiffs'
Objections and concludes they do not provide a basis to modify
the Findings and Recommendation.  The Court also has reviewed the
pertinent portions of the record *de novo* and does not find any
error in the Magistrate Judge's Findings and Recommendation.

12 - ORDER

## <u>CONCLUSION</u>

The Court **ADOPTS** Magistrate Judge Hubel's Findings and Recommendation (#70) and, accordingly, **GRANTS** Defendant's Motion (#43) for Partial Summary Judgment.

IT IS SO ORDERED.

DATED this 25th day of February, 2010.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge


13 - ORDER